The People, etc., v. Maroni Brown and Robert Snadden.

---

## THE PEOPLE, ETC., RESPONDENTS, *v.* MARONI BROWN AND ROBERT SNADDEN, APPELLANTS.

1. CITY CHARTER—POWERS OF CITY COUNCIL.—Under the general power given to a city government to "regulate the police," etc., the city council has no power to pass an ordinance creating the offense of assault and battery, and providing for its punishment.

2. EXCESS OF POWER.—An ordinance of a city creating an offense for which no express authority is given in its charter is void.

Appeal from the Third Judicial District Court.

On the 18th day of January, 1861, an act was passed by the Legislative Assembly of Utah Territory incorporating Ogden City, and defining the powers of the city government. Among other enumerated powers it was provided that "the city council shall have exclusive power to establish and regulate the police of the city," etc. In pursuance of the powers claimed under such act, the city council of Ogden, on September 9, 1870, passed the following ordinance: "If any person within the limits of said city shall assault another  *   *   *   or assault and beat another, he shall be liable to a fine in any sum not exceeding one hundred dollars," etc.

Until 1876 there was no general law in Utah Territory making an assault and battery an offense against the Territory.

The remaining facts appear in the opinion of the court.

*Snow & Snow*, for appellants.

The city council of Ogden City, under the charter had power to make an assault punishable under the ordinance, (see the general welfare clause of the charter, and the clause to regulate the police, etc, § 58); and to provide for fines for breaches of the ordinances, and for imprisonment or work on the public highways until the fines were paid. § 59 of the charter; C. L. 752, 753; *Ex parte* Douglass, 1 Utah, 108.

Under the charter of the city (to regulate the police, the general welfare clause) an assault was a proper subject of local legislation, and the municipal ordinance was proper under the circumstances. *Savannah* v. *Hussey*, 21 Ga. 80, 86; *Mayor, etc., Mobile* v. *Allaire*, 14 Ala. 400; 1 Dillon, 402, note 1; *Rogers* v. *Jones*, 1 Wend. 262; *St. Louis* v. *Bentz*, 11 Mo. 61; *Amboy* v. *Sleeper*, 31 Ill. 499; *Petersburg* v. *Metzkler*, 21 Ill. 206; *Ambrose* v. *State*, 6 Ind. 351.

And see the cases cited *post* in discussing the consistency of double legislation on the same subject.

So that the power having once existed, and having been exercised, the subsequent passage of the penal code, which makes, by a general law, an assault an offense against the Territory, will not be construed as repealing the special act which gave the power under which the ordinance was passed. The intention to repeal under such circumstances must be very clear. It must not be left to implication. 1 Dillon Mun. Corp. §§ 53, 54, pp. 171, 172, and authorities cited in note 1; *Ambrose* v. *State*, 6 Ind. 351; *Ex parte* Yerger, 8 Wall. 105.

Some authorities even go so far as to say that two punishments may be inflicted, following the principle in *Fox* v. *Ohio*, 5 How. 410; *Moore* v. *Illinois*, 14 How. 13; *State* v. *Moore*, 6 Ind. 436.

It is not necessary to go that far; and yet it is no gross vio lation of any constitutional provision to uphold that doctrine, considering the theory at the basis of the creation of municipalities.

It has become the common practice in this country to allow

municipalities to regulate themselves in local affairs since they are best calculated to know their needs. The municipality as an institution is coeval with the establishment of this government, and it is doubtful if the State could break down these barriers against centralization ot power by totally abolishing the system of municipal corporations. The power they exercise, though derived from the State, is not the power of the State. Cooley's. Con. Lim. 118, 191; *Ex parte* Douglass, 1 Utah, 108, per BOREMAN, J.; *Ex parte* Bright, 1 Utah, 151, 158.

The justice had jurisdiction to try the case; his judgment and committment were regular; they afforded ample protection to the defendants in enforcing them. *Ex parte* Douglass, 1 Utah, 108; overruling *Ex parte* Wiseman, 1 Utah, 108; Ogden City Charter, § 13, C. L. 748; *St. Louis* v. *Bentz*, 11 Mo. 61; *Ex parte* Smith, (C. C. R.) Hempstead, 203.

A city ordinance is not a public law; the breach of it is not a public offense. *Ex parte* Bright, 1 Utah, 151, 158; *Horn* v. *People*, 26 Mich. 228; *Waldo* v. *Wallace*, 12 Ind. 582, per PERKIN, J.

*S. H. Lewis*, Assistant United States District Attorney, for respondents.

For all the purposes of jurisdiction corporations are like the inferior courts, and must show the power given them in every case. If this be wanting their proceedings must be holden void whenever they come in question, even collaterally. Cooley's Const. Lim. (1st ed.) 195, note.

Assault and battery is a crime against the person, and as such is only cognizable by courts to which jurisdiction of said offense is expressly delegated. The right to create and punish the crime of assault and battery was never expressly or impliedly delegated to Ogden City by the Legislature. Charter of Ogden City; 1 Dillon Mun. Corp. (2d ed.) § 302 and note.

Municipal by-laws must be in harmony with the general laws of the Territory and with the provisions of the charter.

Whenever they come in conflict with either the by-law must give way. Cooley's Const. Lim. (1st ed.) 198.

BOREMAN, J., delivered the opinion of the court:

Julius Keisel was arrested, tried and punished in Ogden City for violation of an ordinance of that city against assaults and batteries. Maroni Brown was the city marshal of Ogden and was the party who arrested and imprisoned said Keisel, and Robert Snadden was aiding Brown in some respects.

For this arrest and imprisonment of Keisel, said Brown and Snadden were indicted and fined in the Third District Court, and from the judgment of the district court said Brown and Snadden appeal to this court.

The principal point is as to the validity of the ordinance under which said Keisel was arrested. No express authority is given in the charter of Ogden City to pass such an ordinance; but it is urged that it is implied to exist under the general welfare clause, " to regulate the police."

An implied power is such as is necessary in order to carry into effect those expressly granted; and where personal rights and liberty are involved, the charter powers of every municipal corporation are to be strictly construed. The power to punish for an act of the character referred to does not seem to be necessary in order to carry into effect the general welfare clause, and, under a fair construction, such power does not, therefore, exist, and cannot exist except by express words to that effect. Indeed, if under simply a general welfare clause, a city can pass ordinances against assaults and batteries, it is difficult to conceive to what extent a city government might not go under such a clause. We deem the ordinance unauthorized and void. This point being decisive of the case, it is not necessary to refer to any other points raised.

The judgment of the district court is, therefore, affirmed, with costs.

SCHAEFFER, C. J., and EMERSON, J., concurred.